Justice ALBIN,
dissenting.
Sometimes a plainly written statute is just a plainly written statute. I do not agree with the majority that the pension statutes at issue, which guarantee retired public employees a cost- *281 of-living adjustment (COLA), lack clarity or are susceptible to two interpretations.
In 1997, the Legislature made a contractual promise to public employees when it passed the Non-Forfeitable Right Statute, N.J.S.A. 43:3C-9.5. L. 1997, c. 113, § 5. Public employees whose pension rights had vested were assured that they had a “non-forfeitable right to receive benefits as provided under the laws governing the retirement system or fund,” N.J.S.A. 43:3C-9.5(b), and that their “benefits program” could not be reduced, N.J.S.A 43:3C-9.5(a). (Emphasis added). At the time of the passage of the Non-Forfeitable Right Statute, the “laws governing the retirement system or fund,” N.J.S.A. 43:3C-9.5(b), specifically provided for cost-of-living adjustments for retired public employees. The statutory scheme of each currently open retirement system or fund not only directly incorporates the Pension Adjustment Act (PAA), N.J.S.A. 43:3B-1 to -10, but also states that pension adjustment benefits (cost-of-living adjustments) “shall be paid by the retirement system” to vested public employees.[9] The pension fund and system statutes clearly and distinctly designate COLAs as pension benefits.
The pension benefits program mentioned in the Non-Forfeita-ble Right Statute has three components: base benefits, medical benefits, and COLAs. That statute excludes medical benefits, but *282 not COLAs. Had the Legislature intended to exclude COLAs, it knew how to do so. Because the cost-of-living adjustment was contained in laws “governing the retirement system or fund” and not subject to any exclusion in the Non-Forfeitable Right Statute, the public employee retirees who have brought suit are entitled to the pension benefits promised to them. This ineluctable conclusion follows from the clear and unambiguous language of the relevant statutes. The wording and interconnection of those statutes do not suggest any other plausible interpretation.
The PAA and each retirement system and fund guaranteed public employees that, if they retired, their pension benefits would be sustained by a periodic cost-of-living adjustment. In making the critical decision of whether and when to retire, public employees relied on the legislative promise that COLAs would protect their pensions from the ravages of inflation. Many public employees may not have retired or may have deferred them retirement had COLAs not been guaranteed as part of their pension benefits program. Although the Legislature had the right to suspend COLAs for those public employees whose pension benefits had not vested and who had yet to retire, it did not have the right to do so for those public employees who retired expecting that the State would keep its word. The Legislature did here precisely what the United States and New Jersey Constitutions prohibit: it passed a law impairing the obligation of its own contract. See U.S. Const. art. I, § 10, el. 1; N.J. Const art. IV, § 7, ¶ 3.
I concur with the judgment of the Appellate Division, Berg v. Christie, 436 N.J.Super. 220, 93 A.3d 387 (App.Div.2014), which the majority has overturned. The retired public employees in this case are entitled to their full pension benefits earned over the course of their careers. I therefore respectfully dissent.
I.
The first paragraph of the Non-Forfeitable Right Statute, N.J.S.A. 43:3C-9.5(a), provides:
*283 For purposes of this section, a “non-forfeitable right to receive benefits” means that the benefits program, for any employee for whom the right has attached, cannot be reduced. The provisions of this section shall not apply to post-retirement medical benefits which are provided pursuant to law.
The second paragraph, N.J.S.A 43:3C-9.5(b), states:
Vested members of the Teachers’ Pension and Annuity Fund, the Judicial Retirement System, the Prison Officers’ Pension Fund, the Public Employees’ Retirement System, the Consolidated Police and Firemen’s Pension Fund, the Police and Firemen’s Retirement System, and the State Police Retirement System, upon the attainment of five years of service credit in the retirement system or fund or on the date of enactment of this bill, whichever is later, shall have a non-forfeitable right to receive benefits as provided under the laws governing the retirement system or fund upon the attainment of five years of service credit[.]
The majority reads the language of the second paragraph — “the laws governing the retirement system or fund,” N.J.S.A 43:3C-9.5(b) — as referring only to the base pensions conferred by each pension fund or system. (Emphasis added). With that constricted view, the majority concludes that the legislative contract formed in the Non-Forfeitable Right Statute extends no further. That approach, however, requires that we put on blinders to the provisions of the statutes in each retirement system and fund that confer a cost-of-living adjustment to retired public employees.
At the time of passage of the Non-Forfeitable Right Statute, the laws governing each retirement system and fund included specific provisions for the payment of COLAs to vested and retired public employees. See N.J.S.A 18A:66-18.1 (“Pension adjustment benefits for members and beneficiaries of the Teachers’ Pension and Annuity Fund as provided by the [PAA] shall be paid by the retirement system[.]” (citation omitted)); N.J.S.A. 43:6A-33.1 (“Pension adjustment benefits for members and beneficiaries of the Judicial Retirement System provided by the [PAA] shall be paid by the retirement system[.]” (citation omitted)); N.J.S.A. 43:15A-24.1 (“Pension adjustment benefits for members and beneficiaries of the Public Employees’ Retirement System provided by the [PAA] shall be paid by the retirement system[.]” (citation omitted)); N.J.S.A. 43:16A-15.6 (“Pension adjustment benefits for members and beneficiaries of the Police and Firemen’s Retirement System of New Jersey as provided by [the *284 PAA] shall be paid by the retirement system[J” (citation omitted)); N.J.S.A. 53:5A-34.2 (“Pension adjustment benefits for members and beneficiaries of the State Police Retirement System provided by the [PAA] shall be paid by the retirement system[.]” (citation omitted)).[10]
The clear and unmistakable language of every statute above provides for COLAs in a retirement system or fund in which public employees are beneficiaries. Each of those statutes directly incorporates the Pension Adjustment Act. The Non-Forfeitable Right Statute and retirement system and fund statutes when read together meet the high standard for a legislative contract. See Spina v. Consol. Police & Firemen’s Pension Fund Comm’n, 41 N.J. 391, 405, 197 A.2d 169 (1964) (stating that “legislative contract” should be “so plainly expressed that one cannot doubt the individual legislator understood and intended it”).
The Legislature was familiar with the COLA retirement benefit conferred by those statutes at the time of the enactment of the Non-Forfeitable Right Statute. Mahwah Twp. v. Bergen Cty. Bd. of Taxation, 98 N.J. 268, 279, 486 A.2d 818 (“The Legislature is presumed to have been aware of existing legislation^]”), cert. denied, 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985). Those statutory provisions clearly show that COLAs were an integral part of the benefits program provided to retired public employees under various pension systems.
The majority’s approach, moreover, does not conform to the logic of N.J.S.A 43:3C-9.5. If section b’s reference to “laws governing the retirement system or fund” encompassed nothing more than a public employee’s right to the base pension pay, then *285 the Legislature would have had no need to exclude “post-retirement medical benefits” provided by law from N.J.S.A. 43:3C-9.5’s benefits program. The majority’s interpretation renders the exclusion superfluous. Yet, our canons of statutory construction mandate that we give effect to all the words of a legislative enactment. McCann v. Clerk of Jersey City, 167 N.J. 311, 321, 771 A.2d 1123 (2001) (quoting Cabin v. Skyline Cabana Club, 54 N.J. 550, 555, 258 A.2d 6 (1969)).
In that light, the post-retirement medical benefits exclusion is not mere surplusage. The Legislature clearly and distinctly expressed that the employees’ benefits program included more than base pension benefits by pointedly excluding medical benefits. In other words, if the benefits program mentioned in N.J.S.A. 43:3C-9.5(b) was limited to base pension benefits, the Legislature would not have crafted the medical benefits exclusion in N.J.S.A. 43:3C-9.5(a). See Prado v. State, 186 N.J. 413, 426-27, 895 A.2d 1154 (2006) (“[W]here a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than the exceptions[.j”) (quoting 2A Norman J. Singer, Sutherland Statutory Construction § 47.11 (5th ed.1992)).
Accordingly, the exclusion of only post-retirement medical benefits from the Non-Forfeitable Right Statute clearly evinced the Legislature’s intent to confer on retiring public employees the remaining contractually promised post-retirement benefits — the base pension and COLA.
II.
The cost-of-living adjustment has been a post-retirement benefit for certain public employees since the passage of the Pension Adjustment Act in 1958. See L. 1958, c. 143. In the years that followed, the Legislature amended the PAA a number of times, ingraining the COLA as a basic component of a pensioner’s retirement benefits. See, e.g., L. 1977, c. 306, § 6 (increasing adjustment from one-half of percentage of change in Consumer *286 Price Index to three-fifths of percentage of change); L. 1969, c. 169, § 1 (providing that adjustments would be based on Consumer Price Index); L. 1964, c. 198, § 1 (applying COLA to first $900 of retirement benefit). To place COLAs on a secure financial footing, the Legislature required that employers pre-fund COLAs, thus replicating the funding structure for base pensions. See, e.g., L. 1990, c. 6 (Public Employees’ Retirement System); L. 1989, c. 204 (Police and Firemen’s Retirement System); L. 1987, c. 385 (Teachers’ Pension and Annuity Fund).
When the Legislature enacted the Non-Forfeitable Right Statute, N.J.S.A. 43:3C-9.5, in 1997, which guaranteed that vested public employees had a non-forfeitable right to post-retirement benefits (other than medical benefits) “under the laws governing the retirement system or fund,” public employees reasonably believed that COLAs were an essential part of their pension. That reasonable belief sprang from clear and unmistakable statutory language. Public employees relied on that language in deciding whether and when to retire.[11] Without the guarantee of a cost-of-living adjustment, many public employees may have determined that they would be unable to financially support their families and may have postponed their retirements.
In 2010, the Legislature limited the right to non-forfeitable post-retirement benefits to those public employees whose pension rights had become vested before May 21 of that year. See L. 2010, c. 1. In 2011, the Legislature suspended automatic COLAs for current and future retirees beginning June 28, 2011. L. 2011, c. 78, § 25 (codified as amended at N.J.S.A 43:3B-2(a)).
No one doubts that the Legislature is empowered, and has the duty, to make the State’s pension system fiscally sound. But the United States and New Jersey Constitutions bar the Legislature *287 from unilaterally abrogating a contract it made with its retired public employees. The various pension systems and funds must honor the contractual right of those employees to future cost-of-living adjustments under the Non-Forfeitable Right Statute. The Federal and State Contracts Clauses prohibit the state from impairing a contractual obligation. U.S. Const, art. I, § 10, cl. 1. (“No State shall ... pass any ... Law impairing the Obligation of Contracts[.]”); N.J. Const, art. IV, § 7, ¶ 3 (“The Legislature shall not pass any ... law impairing the obligation of contracts, or depriving a party of any remedy for enforcing a contract which existed when the contract was made.”).[12] Those clauses are limitations on legislative power. New Jersey has waived its right to assert sovereign immunity through the New Jersey Contractual Liability Act. See Alden v. Maine, 527 U.S. 706, 755, 119 S.Ct. 2240, 2267, 144 L.Ed.2d 636, 679 (1999) (“sovereign immunity bars suit only in the absence of consent,” and therefore state may waive its immunity under the Eleventh Amendment); Allen v. Fauver, 167 N.J. 69, 75, 768 A.2d 1055 (2001) (explaining that sovereign immunity will not bar suit if there is “express legislative consent to suit”). The Act provides:
The State of New Jersey hereby waives its sovereign immunity from liability arising out of an express contract or a contract implied in fact and consents to have the same determined in accordance with the rules of law applicable to individuals and corporations; provided, however, that there shall be no recovery against the State for punitive or consequential damages arising out of contract nor shall there be any recovery against the State for claims based upon implied warranties or upon contracts implied in law.
*288 [N.J.S.A. 59:13-3.]
Accordingly, the Legislature, pursuant to the Contractual Liability Act, has waived immunity from suit for its violation of its express contractual obligations to the retired public employees in this case.[13]
Whatever reforms the Legislature enacts to ensure the financial stability of the pension system must conform to the Constitution. The promises made to public employees through the Non-Forfei-table Right Statute meet the definition of a legislative contract. That is so because the commitment made in that statute is so plainly expressed that there can be no doubt about the Legislature’s intent. See Spina, supra, 41 N.J. at 405, 197 A.2d 169.
III.
Unlike the majority, I conclude that public employee plaintiffs in this case have an enforceable contractual right to their COLAs. I therefore respectfully dissent.
For reversal and reinstatement — Chief Justice RABNER and Justices LaVECCHIA, PATTERSON, FERNANDEZ-VINA, SOLOMON, and Judge CUFF (temporarily assigned) — 6.
For dissent — Justice ALBIN — -1.

 The pension systems and funds are the Teachers’ Pension and Annuity Fund, N.J.S.A. 18A:66-1 to -93, the Police and Firemen's Retirement System, N.J.S.A. 43:16A-1 to -68, the Public Employees' Retirement System, N.J.S.A. 43:15A-1 to -161, the Judicial Retirement System, N.J.S.A. 43:6A-1 to -47, and the State Police Retirement System, N.J.S.A. 53:5A-1 to -47. The two remaining funds mentioned in the Non-Forfeitable Right Statute, the Consolidated Police and Firemen's Pension Fund, N.J.S.A. 43:16-1 to -21, and the Prison Officers’ Pension Fund, N.J.S.A. 43:7-7 to -27, have been closed to new members since 1944 and 1960, respectively. See N.J.S.A. 43:7-8 ("No person employed on or after January 1, 1960 shall be eligible for membership in the Prison Officers’ Pension Fund.”); N.J.S.A. 43:16-17 (defining "member” as "a person who on July 1, 1944, was a member of a municipal police department ... fire department or county police department” for Consolidated Police and Firemen's Pension Fund).

 Each of those statutory provisions also provides that COLAs shall be funded as employer obligations. See, e.g., N.J.S.A. 18A:66-18.1 ("Pension adjustment benefits for members and beneficiaries of the Teachers' Pension and Annuity Fund as provided by the [PAA] ... shall be paid by the retirement system and shall be funded as employer obligations by the same method provided by law for the funding of employer obligations for the basic retirement benefits provided by the retirement system.” (citation omitted)).

 The New Jersey Division of Pensions and Benefits published a fact sheet explaining to members of the pension funds and systems how to calculate COLAs and who to contact to verify their current allowance and deduction information. N.J. Div. of Pensions & Benefits, Fact Sheet #18: Cost-of-Living Adjustments (Nov.2005), http://www.njleg.state.nj.us/propertytaxsession/opi/factl8.pdf.

 It bears noting that in 2006, the Office of Legislative Services issued an opinion letter concluding that legislation that would detrimentally alter the retirement benefits of qualified retirees "would be unconstitutional as violative of the federal and State constitutional proscription against impairment of the obligation of contracts." NJ. State Leg., Office of Legis. Servs., Opinion Letter on Reduction of Retirement Benefits for Public Employees (Aug. 21, 2006), http://www.njleg.state.nj.us/propertytaxsession/opi/jcpe_resources_08232006.pdf. That letter also stated that the financial instability of the system "was foreseeable at the inception of the contractual relationship and the State, nevertheless, committed itself and did not reserve the right to unilaterally adopt substantial modifications of the pension program." Ibid.

 Employees and employers prefunded the COLA. See, e.g., N.J.S.A. 43:3B-4.3; N.J.S.A. 43:15A-24; N.J.S.A. 43:15A-24.1. The payment of monies owed to retired public employees does not require a legislative appropriation because those monies are in a preexisting fund.